SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9381 PA (RZx) | Date | January 8, 2010 |
|---|---|---|---|
| Title | Chris Pelonis, et al. v. Am. Gen. Life Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant American General Life Insurance Company ("Removing Defendant") on December 22, 2009 (Docket No. 1). Removing Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332. Defendant William H. Tuft has not joined in the Notice of Removal.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004)(citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

     Here the Complaint only states that Tuft is "an individual transacting the business of life

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-9381 PA (RZx) | Date | January 8, 2010 |
|---|---|---|---|
| Title | Chris Pelonis, et al. v. Am. Gen. Life Ins. Co., et al. | | |

insurance in the County of Los Angeles, State of California," and does not contain any allegations indicating his citizenship. (Complaint ¶ 4.) The Notice of Removal alleges that "defendant William H. Tuft is a citizen of the State of Illinois . . . . as more fully set forth below." (Notice of Removal p. 2.) The Notice of Removal goes on to state, "[o]n information and belief, defendant Tuft is a resident and domiciliary of the State of Illinois. [Removing Defendant] is informed and aware that William H. Tuft's business telephone number has an area code for the area in or around Peoria, Illinois. Plaintiff's counsel informed [Removing Defendant's counsel that they were attempting service of Tuft in Illinois." Id. ¶ 9. Such allegations do not support Removing Defendant's contention that Tuft is a citizen of Illinois. First, "[a] petition alleging citizenship upon information and belief is insufficient" to establish diversity. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963); see also Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Moreover, the fact that Tuft maintains a business telephone number in Illinois does not even establish that he resides there, let alone with an intent to remain or return. Similarly, the fact that Plaintiff is merely attempting to serve Tuft in Illinois does not establish that he resides in Illinois or that he is an Illinois citizen.[1/]

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. VC054979 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1/] The Court also notes that the Notice of Removal is procedurally defective insofar that Tuft has not consented to or joined in the Notice of Removal, and Removing Defendant has not met its burden to affirmatively explain Tuft's absence. See 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999)("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006). A defendant need not join in the notice of removal if he has not yet been served; however, a removing defendant must exercise due diligence to ascertain if other defendants have been served. See, e.g., Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86, 87 (N.D. Ill. 1996). Here Removing Defendant states that Tuft has not yet been served based on the declaration of its counsel, who states that he called Plaintiff's counsel on December 14, 2009 to confirm that Tuft had not yet been served. However, the Notice of Removal was filed more than a week after this telephone call, and Removing Defendant's counsel has not indicated that he made any further attempt to ascertain whether Tuft had been served after December 14, 2009. Because it is not clear whether Tuft had been served prior to filing of the Notice of Removal, Removing Defendant has failed to comply with the procedural requirements for removal.